UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nathan Christopher Braun, | Case No. 23-cv-1784 (JMB/DLM) |
| Plaintiff, | |
| v. | |
| Jail Administrator–Captain Mark Maslankowski, Lt. Kellen Boerger, Lt. Sean Haney, Sgt. Dave Wenderski, Sgt. Hoxter, Sgt. Polak, Sgt. Brixius, Sgt. Megan Lahr, Shift Supervisor #2712, Shift Supervisor #2711, Sgt. #2705, Unnamed and Unnumbered Shift Supervisor, Shift Supervisor #2709, Ofc. Knick, Ofc. Long, Ofc. Stossel, SORT for the Date of 7/12/2023, Ofc. Crawford, Ofc. Huisman, Ofc. Van-ravensway, Ofc. Budgett, Ofc. Karnes, Ofc. Watry, SORT for the Date of 5/1/2023, Ofc. Stephany, Ofc. Giese, Ofc. Bienusa, Ofc. Kruger, Ofc. C. Brown, Unknown Ofc. Standing Outside of Cell at 0500 on the Date of 7/13/23, and Ofc. Hogie, | ORDER AND REPORT AND RECOMMENDATION |
| Defendants. | |

---

This matter comes before the Court on Plaintiff Nathan Christopher Braun's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Doc. 5), Motion for Protective Order and Temporary Injunction (Doc. 16), and Petition to Perpetuate Testimony by Deposition (Doc. 8). For the following reasons, the Court grants the IFP Application, denies the Deposition Motion without prejudice, and

recommends the denial of the Motion for Protective Order and Temporary Injunction as moot.

## BACKGROUND

On November 6, 2023, this Court ordered Mr. Braun to submit an amended complaint. (Doc. 18 at 9.) On December 28, 2023, the Court entered an Order noting difficulties in getting mail to Mr. Braun. (Doc. 20 at 1–2.) As a result, the Court extended Mr. Braun's amended-complaint deadline to January 25, 2024. (*Id.* at 1.) In the meantime, however, this action's docket features three pending motions that the Court can resolve while awaiting Mr. Braun's submission.

**I.    Mr. Braun's IFP Application.**

Mr. Braun submitted his IFP Application on July 7, 2023. (Doc. 5.) The IFP Application asks the Court to let Mr. Braun proceed *in forma pauperis* ("IFP") in this action. Review of the IFP Application indicates that, as a financial matter, Mr. Braun qualifies for IFP status. The Court therefore grants the IFP Application. However, the Court will wait to enter any service-related orders until the Court receives Mr. Braun's future filing. Once the Court receives that filing, it will review the matter as appropriate under 28 U.S.C. §§ 1915 and 1915A.

**II.    Mr. Braun's Motion for Injunctive Relief.**

The Court received Mr. Braun's motion seeking injunctive relief on July 19, 2023. (Doc. 16.) Most of the document consists of Mr. Braun's account of certain alleged events on July 12–13, 2023, involving him and various officers at the Stearns County Jail ("SCJ"). (*Id.* at 1–2.) Indeed, while the document is titled as a request for a protective order and a

temporary injunction, the filing has no specific request for relief. (*See id.*) But the document contains the following statement: "[Mr. Braun] has clearly established . . . the need for protection from these officers from conducting illegal actions." (*Id.* at 2.) The Court must construe filings by pro se litigants liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kahsai v. Dejoy*, No. 20-cv-1060 (JRT/DLM), 2024 WL 112276, at *2 (D. Minn. Jan. 10, 2024). The Court therefore construes this motion as seeking some sort of injunctive relief to prevent the officers discussed from further interacting with Mr. Braun.

Mr. Braun is no longer at the SCJ. The Minnesota Department of Corrections's online inmate locator indicates that he is presently on supervised release, and he is no longer on the SCJ inmate roster. *See* Minn. Dep't of Corrs., *Locator*, https://perma.cc/3ZYF-F7D2 (last visited Jan. 24, 2024); Stearns Cty. Minnesota, *Stearns County Current Inmates*, https://perma.cc/R8KN-NMKW (last visited Jan. 24, 2024). This presumably means he is no longer interacting with the relevant SCJ personnel. The Court therefore recommends denying the Mr. Braun's motion seeking injunctive relief (Doc. 16) as moot.[1]

---

[1] Even if the motion for injunctive relief were not moot, the Court would still recommend denying it. As a matter of procedure, the motion does not follow the procedural rules that apply when one seeks a preliminary injunction or a temporary restraining order. *See* Fed. R. Civ. P. 65(a)–(b) (establishing relevant procedural rules). Additionally, Mr. Braun does not justify his injunctive-relief request under the relevant substantive guidelines established by cases such as *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

### III. Mr. Braun's Deposition Motion.

Finally, the Court turns to the Deposition Motion. The Court received this motion on July 26, 2023. (Doc. 8.) In it, Mr. Braun asks the Court to let him depose various individuals "in order to perpetuate their testimony." (*Id.* at 1.) At this point in the case, it is neither clear what the operative complaint will be, nor which claims or individuals will remain after this Court's prescreening review. As a result, the Court denies the Deposition Motion (Doc. 8) without prejudice. As the case proceeds, if it appears that discovery will be necessary, Mr. Braun will be able to engage in whatever forms of discovery the Federal Rules of Civil Procedure permit, including depositions.

### ORDER

Based on all the files, records, and proceedings in this case, **IT IS ORDERED** that:

1. Plaintiff Nathan Christopher Braun's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) is **GRANTED**; and

2. Mr. Braun's Petition to Perpetuate Testimony by Deposition (Doc. 8) is **DENIED** without prejudice.

### RECOMMENDATION

Based on all the files, records, and proceedings in this case, **IT IS RECOMMENDED** that:

1. Mr. Braun's Motion for Protective Order and Temporary Injunction (Doc. 16) be **DENIED** as moot.

Date: January 25, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).