UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Christopher Braun, | Case No. 23-cv-1784 (JMB/DLM) |
| Plaintiff, | |
| v. | |
| Jail Administrator–Captain Mark Maslankowski, Lt. Kellen Boerger, Lt. Sean Haney, Sgt. Dave Wenderski, Sgt. Hoxter, Sgt. Polak, Sgt. Brixius, Sgt. Megan Lahr, Shift Supervisor #2712, Shift Supervisor #2711, Sgt. #2705, Unnamed and Unnumbered Shift Supervisor, Shift Supervisor #2709, Ofc. Knick, Ofc. Long, Ofc. Stossel, SORT for the Date of 7/12/2023, Ofc. Crawford, Ofc. Huisman, Ofc. Vanravensway, Ofc. Budgett, Ofc. Karnes, Ofc. Watry, SORT for the Date of 5/1/2023, Ofc. Stephany, Ofc. Giese, Ofc. Bienusa, Ofc. Kruger, Ofc. C. Brown, Unknown Ofc. Standing Outside of Cell at 0500 on the Date of 7/13/23, and Ofc. Hogie, | REPORT AND RECOMMENDATION |
| Defendants. | |

This matter comes before the Court on Plaintiff Nathan Christopher Braun's Second Amended Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (Doc. 17.) For the following reasons, the Court recommends dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Court received Mr. Braun's initial pleading in this action on June 14, 2023. (Doc. 1.) Mr. Braun referred to this pleading as a request for habeas relief. (*Id*. at 1.) On August 1, 2023, this Court entered an Order discussing his original allegations and concluding that "none of [them] present a cognizable habeas-type claim." (Doc. 10 at 5.) The Court therefore gave Mr. Braun 28 days to submit a complaint reasserting his claims under 42 U.S.C. § 1983, the proper procedural vehicle. (*Id.* at 6, 9.) Meanwhile, the Clerk of Court received an amended filing from Mr. Braun on July 31, 2023, that was not entered onto the docket until August 1, 2023. (Doc. 12.) The Court therefore vacated the August, 2023 Order and undertook review of the new filing. (*Id.*)

On August 14, 2023, a new complaint from Mr. Braun reached the Clerk of Court. After some initial confusion about the document's purpose, United States District Judge Jerry Blackwell concluded that Mr. Braun meant for it to be an amended pleading in this action. (*See* Doc. 17-3 at 2.) That pleading—the August, 2023 Pleading—was therefore transferred into this action's docket on or about September 27, 2023. (*See id.*)

The Court addressed the August, 2023 Pleading in an Order dated November 6, 2023. (Doc. 18.) The Court explained that the pleading failed to comply with the joinder provisions of the Federal Rules of Civil Procedure. (*Id.* at 6–7.) The Court therefore directed Mr. Braun to submit another amended pleading fixing this problem. (*Id.* at 8.) The Court gave Mr. Braun 28 days—that is, until December 4, 2023—to submit his new pleading, cautioning him that if he failed to do so, the Court would "assume that he insists on continuing in this action on the basis of the [August, 2023 Pleading], notwithstanding" the Court's joinder-related warnings. (*Id.*)

2

Near the end of 2023, the Court issued another Order explaining that because of a change in Mr. Braun's address, it seemed possible that Mr. Braun had not received the Court's November, 2023 Order. (Doc. 20.) Thus, Mr. Braun's deadline was extended sua sponte to January 25, 2024. (*Id.* at 2.) That date passed and, as of this Order's date, Mr. Braun has not submitted an amended pleading. (*See* Docket.)

Because Mr. Braun has not submitted an amended pleading, the Court will assume that Mr. Braun means for this action to proceed based on the August, 2023 Pleading. As the Court's November, 2023 Order explained, that pleading does not comply with the Federal Rules of Civil Procedure:

> [T]he [August 2023 Pleading] suffers from some problems. Critically, for present purposes, it suffers from misjoinder. Under Federal Rule of Civil Procedure 18(a), "a party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this permissive rule, a plaintiff generally can "join as many claims as he or she has against an opposing party." *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); *see also* 6A Mary Kay Kane, Federal Practice and Procedure § 1582 (3d ed. Westlaw, updated April 2023) ("Rule 18(a) . . . permit[s] a party to join as many original claims . . . as the party has against an opposing party.").
>
> But once a plaintiff joins multiple defendants, the plaintiff must also satisfy Rule 20(a)(2). Under that Rule, "[p]ersons . . . may be joined in one action as defendants if . . . (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."
>
> Notwithstanding this "broad language," a leading treatise explains, "a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Mary Kay Kane, Federal Practice & Procedure § 1655 (emphasis added); *see also, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against

3

> Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ."). "Rule 20(a) is especially important in prisoner litigation," as "[f]unneling unrelated defendants into different actions prevents the 'morass produced by multi-claim, multidefendant suits . . .'" *Amen El v. Schnell*, No. 20-cv-1327 (DSD/ECW), 2021 WL 509820, at *2 (D. Minn. Feb. 11, 2021) (quoting *Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011)), *R. and R. adopted*, 2021 WL 880679 (D. Minn. March 9, 2021).
>
> [The August 2023 Pleading] involves this sort of improper aggregation.

(Doc. 18 at 6–7.)

The points made in that Order still apply. Accordingly, the Court recommends dismissing this action without prejudice, under Federal Rule of Civil Procedure 41(b), for failure to comply with the Federal Rules of Civil Procedure and this Court's instructions. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").[1]

## RECOMMENDATION

Based upon on all the files, records, and proceedings in this case, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, under

---

[1] Rule 41(b) refers to involuntary dismissals occurring after a defendant's motion, but the United States Court of Appeals for the Eighth Circuit has held that a court may enter an involuntary dismissal sua sponte. *See, e.g.*, *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006) (per curiam) (collecting cases); *Jackson v. Schnell*, No. 23-cv-0366 (PJS/DTS), 2023 WL 3630889, at *4 n.7 (D. Minn. Apr. 20, 2023), *R. & R. adopted*, 2023 WL 3628722 (D. Minn. May 24, 2023).

4

Rule 41(b) of the Federal Rules of Civil Procedure, based on Mr. Braun's failure to follow the Federal Rules of Civil Procedure and this Court's instructions.

Date: February 22, 2024               *s/Douglas L. Micko*
                                      DOUGLAS L. MICKO
                                      United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).